**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CLIFFORD LEE WHITE, JR.**                                          **PLAINITFF**
**ADC #145996**

**V.**                  **CASE NO. 4:19-CV-408-BRW-BD**

**MOSES JACKSON, III,** *et al.*                               **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Billy Roy Wilson. Mr. White may file written objections to this Recommendation if he disagrees with its findings or conclusions. Objections should be specific and should include the factual or legal basis for your objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. White may waive any right to appeal questions of fact.

**II.**      **Discussion**

     A. Background

Clifford Lee White, Jr., an Arkansas Department of Correction (ADC) inmate, originally filed this civil rights lawsuit in the Western District of Arkansas. (Docket entry #1) On the same day, the District Court for the Western District of Arkansas issued an Order allowing Mr. White to proceed on his claims against CCS Staff and Nurse Smith in

the Western District (#3) and transferring Mr. White's claims against the remaining Defendants to this Court. (*Id.*)

After this Court granted Mr. White's motion for leave to proceed *in forma pauperis*, the Clerk of Court filed Mr. White's addendum to his original complaint.[1] (#6) The Court has carefully reviewed the original complaint and the addendum.

B. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints, such as Mr. White's, that seek relief from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Before ordering service of process, the Court is obliged to dismiss any claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

1. Violation of ADC Policy

In the addendum to his complaint, Mr. White complains that ADC officials violated a number of ADC policies and procedures. Unfortunately for Mr. White, the prison's failure to follow its own policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

---

[1] Mr. White's addendum was originally filed as a complaint in a separate lawsuit, *White v. ADC*, E.D. Ark. Case No. 5:19-CV-194-BRW-PSH. When the Court determined that the complaint was intended to be an addendum to the complaint filed in this case, the Clerk of Court administratively terminated Mr. White's other lawsuit.

The allegations regarding Defendants' failure to abide by ADC policies fail to state a federal claim for relief.

   2. Failure to Process Grievances

In his addendum, Mr. White also complains that ADC officials consistently failed to properly process his grievances. As with the failure to follow prison policies, there is no right of action based on access to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to grievances, standing alone, does not state a federal claim for relief.

   3. Deliberate Indifference Claim

Mr. White has been allowed to proceed on his claims against CSS staff and Nurse Smith in his case pending in the District Court for the Western District of Arkansas. Accordingly, he may not also pursue those claims in this Court.

   4. Other Constitutional Claims

Mr. White also complains that Defendants violated his: "First Amendment Right to protection from retaliation"; "Fourth Amendment Right to Due Process of Law"; "Fourth Amendment Right to the protection of liberty and property interests"; Fifth Amendment Right of protection from unlawful sanctions"; "Eighth Amendment Right of protection from cruel and unusual punishment"; and "Thirteenth Amendment Right not to be placed in Slavery." (#6 at p.1) Mr. White has not included any factual allegations to support these broad, conclusory statements. He has failed, therefore, to state any federal claim for relief.

## III.     Conclusion

The Court recommends that Mr. White's claims be DISMISSED, without prejudice. The Court further recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 19th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE